# EXHIBIT E

Case 4:22-cv-03764 Document 1-5 Filed on 10/31/22 in TXSD Page 2 of 9

9/9/2022 4:04 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 68122751
By: Monica Jackson
Filed: 9/9/2022 4:04 PM

CAUSE NO: _____

| | | |
|---|---|---|
| EHIMAREY OKPERE | § § | IN THE DISTRICT COURT OF |
| VS. | § § | HARRIS COUNTY, TEXAS |
| MAERSK LINE, LIMITED | § | _____ JUDICIAL DISTRICT |

## **PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, EHIMAREY OKPERE, hereinafter referred to as 'Plaintiff', complaining of MAERSK LINE, LIMITED, hereinafter referred to as 'Defendant', and would respectfully show as follows:

## I.
## **DISCOVERY CLASS**

1. Pursuant to TEXAS RULE OF CIVIL PROCEDURE 190.3, Plaintiff requests that discovery be conducted under level 2.

## II.
## **JURISDICTION**

2. This is an action within the maritime jurisdiction of this Court. This claim is maintained under 33 U.S.C. § 901, et seq, known as the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 905(b), 33 U.S.C. § 933, and the General Maritime Law of the United States.

3. Plaintiff has been damaged in a sum in excess of the minimum jurisdictional limits of this Honorable Court.

## III.
## **PARTIES**

4. Plaintiff, EHIMAREY OKPERE, a person of majority age is a resident of Fort Bend County, Texas.

1

5.  Defendant, MAERSK LINE, LIMITED, is a foreign corporation doing business in the State of Texas. This Defendant may be served with due process by serving its registered agent for service in Texas, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas Texas 75201-3136.

## IV.
## VENUE

6.  Venue is proper in Harris County, Texas, because it is where the injury occurred, and Defendant does substantial business in Harris County, Texas.

## V.
## FACTS

7.  Plaintiff, EHIMAREY OKPERE, would show that this lawsuit has become necessary as a result of personal injuries sustained on or about April 17, 2022.

8.  On or about April 17, 2022, Plaintiff, EHIMAREY OKPERE, sustained injuries during the course and scope of his employment as a longshoreman for his employer, Ceres Terminals, Inc. Plaintiff was a longshoreman working aboard the M/V MAERSK HARTFORD, a container vessel.

9.  At all relevant times, the M/V MAERSK HARTFORD was owned, operated, and/or managed by Defendant, MAERSK LINE, LIMITED. At all relevant times, the M/V MAERSK HARTFORD was a vessel operating in the navigable waters of Galveston Bay, docked at the Port of Houston, Bayport Container Terminal in Seabrook, Texas.

10. At the time of the occurrence, Plaintiff was tasked with ensuring containers properly aligned with the M/V MAERSK HARTFORD's cell guides as they were moved by crane. In order to get a proper visual of the containers located at the lower levels of the cargo hold, Plaintiff needed to use a cargo hold ladderwell. Plaintiff sought out the M/V MAERSK HARTFORD's chief mate who was responsible for overseeing the vessel's cargo operations and

asked her to unlock the deck hatch access to the ladderwell. The chief mate unlocked the hatch but did not inform the Plaintiff that there was a hidden defect and outstanding maintenance order concerning the railing for the ladderwell.

11. Plaintiff began to descend the ladderwell when the railing failed. The failure of the railing, which was under the active control and use, whether in part or in whole, by Defendant, MAERSK LINE, LIMITED, sent Plaintiff falling down the ladder where his legs became twisted up in the steps. Plaintiff came to rest on the next level of the steel deck several feet below where he laned on the left side of his body.

12. As a result of the impact of the fall, Plaintiff suffered severe and debilitating injuries to his left leg, left hip, lower back, and other parts of his body.

13. To the extent that Plaintiff had any pre-existing injuries or medical condition(s) at the time of the occurrence in question, the same was not disabling, and he would respectfully show that such pre-existing condition, if any, was aggravated by the incident made the basis of this suit to such an extent that it became disabling, bringing about the necessity of medical treatment.

## VI.
## FIRST CAUSE OF ACTION FOR NEGLIGENCE AGAINST DEFENDANT MAERSK LINE, LIMITED UNDER LHWCA 33 U.S.C. §933(a), AND GENERAL MARITIME LAW OF THE UNITED STATES

14. Plaintiff re-avers and re-alleges each and every allegation of fact and law contained herein as if re-pled in their entirety.

15. Plaintiff brings this cause of action against Defendants, MAERSK LINE, LIMITED, pursuant to the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 933, and the General Maritime Law of the United States.

16. On or about April 17, 2022, Defendant, MAERSK LINE, LIMITED, was negligent, and said negligence was a proximate cause of Plaintiff's injuries. At all relevant times, it was feasible

3

for Defendant to provide to Plaintiff, EHIMAREY OKPERE, and Defendant owed to Plaintiff, duties of care to maintain the ladderwell railing or warn of its hazards. Plaintiff further contends that on the occasion in question, Defendant, MAERSK LINE, LIMITED, acting through its officers, agents, servants, and/or employees, was careless and negligent in breach of the duties owed to Plaintiff, EHIMAREY OKPERE. Defendant, MAESK LINE, LIMITED, was careless and negligent in the following respects:

a. In failing to provide a safe and adequate ladderwell Plaintiff was required to use at the time of the occurrence;
b. In failing to ensure the railings for the ladderwell were fit for service;
c. In failing to remedy and/or warn Plaintiff of the hazards in the area of the occurrence; and,
d. Other acts of negligence as proven at time of trial.

17. On or about April 17, 2022, and as a direct and proximate result of the negligent acts and/or omissions of Defendant, MAERSK LINE, LIMITED, Plaintiff, EHIMAREY OKPERE, sustained severe and debilitating injuries to his left leg, left hip, lower back, and other parts of his body. Said occurrence and said injuries developed as a result of the negligence of Defendant, MAERSK LINE, LIMITED, its agents, servants, and/or employees, acting in the course and scope of their employments or agency.

## VII.
### SECOND CAUSE OF ACTION FOR VESSEL NEGLIGENCE AGAINST DEFENDANT MAERSK LINE, LIMITED UNDER LHWCA 33 U.S.C. §905(b)

18. Plaintiff re-avers and re-alleges each and every allegation of fact and law contained herein as if re-pled in their entirety.

19. Plaintiff brings this cause of action against Defendants, MAERSK LINE, LIMITED, pursuant to the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 905(b). At all material times hereto, Defendant, MAERSK LINE, LIMITED, owned, operated, and/or controlled the M/V MAERSK HARTFORD and maintained active control over said vessel.

4

20. On or about April 17, 2022, Plaintiff EHIMAREY OKPERE, a longshoreman, sustained personal injuries caused by the negligence of the M/V MAERSK HARTFORD, its owner, operator, and/or crew.

21. At all material times, Defendant, MAERSK LINE, LIMITED, owed to Plaintiff, duties to provide a workspace, equipment, and tools in a condition to allow Plaintiff, acting with reasonable care, to carry out his duties with reasonable safety. Among these duties, Defendant, MAERSK LINE, LIMITED, had a duty to remedy and/or warn Plaintiff of the dangers that Defendant knew or should have known about with the exercise of reasonable care. On or about April 14, 2022, Defendant, MAERSK LINES, LIMITED, was careless and negligent in breaching the above duties of care in the following particulars:

   a. In failing to properly maintain the railing for the ladderwell Plaintiff was required to use at the time of the occurrence;
   b. In failing remedy or remove the ladderwell in question from service until repairs were made after acknowledging the railing was defective;
   c. In failing to warn Plaintiff of the known hazards presented by the faulty railing of the ladderwell; and,
   d. Other negligent acts or omissions as proven at the time of trial.

22. Said breaches of duty proximately contributed, in whole or in part, to cause Plaintiff to suffer the hereinafter complained of injuries for which Defendant, MAERSK LINE, LIMITED, is liable to Plaintiff in damages.

## VIII.
## DAMAGES

23. As a direct and proximate result of the occurrence alleged, Plaintiff sustained severe and painful injuries to his body and mind, and shock and injury to his nervous system and person, all of which injuries have caused and continue to cause great physical and emotional pain and suffering. In connection therewith, Plaintiff would show that he has sustained severe pain, physical impairment, discomfort, mental anguish, and distress to date. Plaintiff is informed and believes and

5

alleges that, in all reasonable probability, some or all of said injuries will result in permanent damage, disability, and pain and suffering, causing general damages in an amount to be determined at trial. Moreover, Plaintiff has suffered a loss of earnings in the past, as well as a loss of future earning capacity. Furthermore, he has incurred and will incur pharmaceutical and medical expenses in connection with said injuries. By reason of the foregoing, Plaintiff would show that he has been damaged in a sum, to be determined at trial, far in excess of the minimum jurisdictional limits of this Honorable Court, for which amount he comes now and sues.

24. By reason of the foregoing premises and as a legal result thereof, Plaintiff has in the past and/or will in the future be caused to suffer the following described injuries and/or losses, for which Defendant, MAERSK LINE, LIMITED, is jointly and severally liable to Plaintiff:

    a. Reasonable and necessary medical expenses in the past and in the future;
    b. Physical pain and suffering in the past and in the future;
    c. Mental anguish in the past and in the future;
    d. Loss of earning capacity in the past and in the future;
    e. Physical disfigurement in the past and in the future;
    f. Physical impairment in the past and in the future; and,
    g. Any other relief to which Plaintiff is entitled under law or equity.

All said injuries and damages in an extent, not now precisely known, in excess of $1,000,000.00.

## IX.
## JURY DEMAND

25. Plaintiff hereby requests a trial by jury on all issues raised herein and tenders the appropriate fee.

## X.
## USE OF ITEMS PRODUCED IN DISCOVERY

26. Plaintiff hereby gives notice of his intent to utilize items produced in discovery in the trial of this matter, and the authenticity of such items shall be deemed self-proven per TEXAS RULES OF CIVIL PROCEDURE 193.7

## XI.
## PRAYER

27. WHEREFORE, after due proceedings had, Plaintiff, EHIMAREY OKPERE, prays that Defendant, MAERSK LINE, LIMITED, be cited to appear and answer herein in a form and manner prescribed by law, and after jury trial of the merits of this cause, Plaintiff have judgment against Defendant, MAERSK LINE, LIMITED, in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interest at the maximum legal rates, all costs of Court, and all such other and further relief, be it general or special, at law or in equity, to which Plaintiff must show himself justly entitled.

Respectfully submitted,

SCHECHTER, SHAFFER, & HARRIS, L.L.P.

*/s/Matthew D. Shaffer*
MATTHEW D. SHAFFER
TBA # 18085600
LAURA B. DE LA CRUZ
TBA # 24095300
3200 Travis, Third Floor
Houston, Texas 77006
TEL: (713) 524-3500
FAX: (866) 696-5610
Mshaffer@smslegal.com
Ldelacruz@smslegal.com

ATTORNEYS FOR PLAINTIFF
PLAINTIFF DEMANDS A TRIAL BY JURY

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Shona Clark on behalf of Matthew Shaffer
Bar No. 18085600
sclark@smslegal.com
Envelope ID: 68122751
Status as of 9/9/2022 4:08 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Shona Clark | | sclark@smslegal.com | 9/9/2022 4:04:16 PM | SENT |